Mr. Justice Nott
delivered the opinion of the court:
The act of 1791, (2 Brevard, 11 y,) which regulates the proceedings of the court in this respect, provides, that the plaintiff may take judgment by default against the defendant, “unless an appearance has been regularly enter *456 eá by the defendant’s attorney with the clerk, of the court during ihc sitting of the said court.” The same act also, further provides, “ that the defendant, if he puts in an appearance as aforesaid, shall and may put in his plea in writing with the clerk of the said court within one month' after the declaration is filed, or judgment may be taken by default.” There is nothing in this act which authorizes a defendant to plead to an action, unless lie has entered an appearance, “ during the sitting of the court” to which the writ is returnable. Nor even when an appearance has been entered, unless the plea be put in within one month after the declaration is filed. Our courts however have by a liberal construction oí the act, permitted a defendant to plead where the entering an appearance has been omitted by inadvertence or mistake, &c. So it has been allowed to a defenrlent when a judgment by default has been taken against him, to vacate the order for judgment, provided he come in by the second day of the court, after which the declaration is filed, and plead issuably to the declaration, and go to trial insta nter. The rule, I believe, has, in practice, been so far relaxed as to permit the order for judgment to be set aside at any time during the sitting of the court, but never after the whole term has passed over. I do not say that the court may not permit it, even after a term, but it must be for some good cause shown. — ■ Now no cause has been shown in this case, except that the writ of enquiry docket w>as not called at the October term. But calling the docket could not affect the question. It was a privilege allowed the defendant upon certain conditions, and not having performed the condition, nor shown any good cause why he did not, he lost the privilege itself.
2nd. It is unnecessary to make any remarks on the second ground, as the power of attorney was actually filed.
3d. The order for security for costs ought not to have been made. There is no law in this state requiring security for costs to be given in such case. There is a clause' in the old county court act to that effect, but the practice *457 of this court has not been adopted in consequence of that act. On the contrary, it jirevailed long before that act was passed, and that clause was introduced, in all probability, for the purpose of authorizing the County Courts to adopt the same practice, and was always considered as having relation to those courts only, and to have been repealed with the abolition of that part of the judiciary.— The object in requiring security for costs to be given, is to indemnify the defendant in case the plaintiff should fail in his action. But the reason ceases when the plaintiff has obtained judgment by default; for as long as that remains, the plaintiff will be entitled to costs.
Pepoon, for the motion.
JDunkin fy Campbell, contra.
The motion is therefore granted.
Justices Richardson and Huger, concurred.